IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SHERRY MORRISON, as Trustee, on )
behalf of the Haar Family Trust and all )
others similarly situated, )
                                       )
                      Plaintiff, )
                                       )
vs. )                       Case No. CIV-10-135-M
                                       )
ANADARKO PETROLEUM )
CORPORATION, a Delaware corporation, )
                                       )
                     Defendant. )

## **ORDER**

Before the Court is Defendant Anadarko Petroleum Corporation's Motion to Dismiss Plaintiff's Claims Under Fed. R. Civ. P. 12(b)(6) [docket no. 7], filed February 17, 2010. On April 8, 2010, plaintiff filed her response, and on April 15, 2010, defendant filed its reply. On May 17, 2010, plaintiff filed her surreply, and on May 20, 2010, defendant filed its sur-surreply. Based upon the parties' submissions, the Court makes its determination.

### I.    BACKGROUND

This action arises from defendant's alleged underpayment of royalties of Oklahoma oil and gas interests. Purportedly, defendant improperly and unlawfully charged or deducted from plaintiff's royalty interest payments fees for gathering, compression, dehydration, treatment, processing, transportation and marketing. Specifically, plaintiff asserts these are all costs and expenses necessary to transform production into a marketable product which must be borne solely by defendant and may not be charged to the royalty interest owners or deducted in calculating their royalty payments, either directly or indirectly.

Plaintiff, on behalf of the Haar Family Trust and a putative class, asserts claims for breach of contract, breach of fiduciary duty, conversion, civil embezzlement, tortious breach of the implied covenant of good faith and fair dealing and unjust enrichment. In this cause of action, plaintiff also seeks declaratory and injunctive relief. Among the remedies sought by plaintiff are punitive damages in an unspecified amount and an accounting from defendant. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant now moves to dismiss plaintiff's claims for breach of fiduciary duty, conversion,[1] civil embezzlement, tortious breach of the implied covenant of good faith and fair dealing and unjust enrichment. Defendant also seeks dismissal of plaintiff's claim for injunctive relief and requests for an equitable accounting and punitive damages, all on the grounds that plaintiff has failed to state claims on which relief may be granted.[2,3]

## II. STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears...plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). The relevant inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiff's

---

[1] In her surreply, plaintiff withdraws her claim for conversion against defendant. *See* Surreply, at 2, n.1. The Court, therefore, denies as moot defendant's motion to dismiss as to the conversion claim.

[2] Defendant does not seek dismissal of plaintiff's breach of contract claim or her claim for declaratory relief.

[3] In the reply, defendant "no longer contends that the unjust enrichment and accounting claims should be dismissed at this stage of the proceedings but reserves its right to later file a Rule 56 motion for summary judgment directed to those claims." Reply, at 2. Accordingly, the Court denies as moot defendant's motion to dismiss as to the unjust enrichment and accounting claims.

complaint is not whether she will prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice." *Ashcroft v. Iqbal*, --- U.S.----, 129 S. Ct. 1937, 1949 (2009).

III.   DISCUSSION

   A.   Breach of Fiduciary Duty

Defendant contends that plaintiff's breach of fiduciary duty claim fails to meet the requirements of *Twombly* and *Iqbal*. Defendant contends that plaintiff's allegations with regard to both the existence and breach of fiduciary duty claim are conclusory. Defendant also contends that even if plaintiff's contentions are sufficient, that her allegations are insufficient to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because only under limited circumstances is an operator of a well a fiduciary with regard to an owner of a royalty interest.

In the Amended Petition, plaintiff pled she owns "mineral interest [which] are subject to the oil and gas leases and/or various orders of the Oklahoma Corporation Commission, which entitle the Plaintiff to royalty interest payments from the gross sale proceeds of the hydrocarbons produced from said mineral interests." Amended Petition, at 1. The remainder of the Amended Petition sufficiently sets forth under the leases and/or orders that defendant has a right to drill and produce hydrocarbons on the premises. Because plaintiff has pled she owns royalty interests which are

3

subject to unitization orders of the Oklahoma Corporation Commission, her claim for breach of fiduciary duty is sufficient because the unitization process has the legal effect of modifying or amending the existing legal rights of a lessor and lessee under an oil and gas lease. *See Howell v. Texaco Inc.*, 112 P.3d 1154, 1161 (Okla. 2004) ("After unitization, the leases no longer controlled."). Where the parties disagree is concerning whether this theory applies only to unitization orders issued pursuant to Okla. Stat. tit. 52, § 287.1 versus those imposed pursuant to Okla. Stat. tit. 52, § 87.1.

In *Howell*, the Oklahoma Supreme Court held that the communization agreements do not create a fiduciary duty on an operator's part. *Id.* at 1160. In so holding, the *Howell* Court distinguished its determination from "*Young*, 1954 OK 195, 275 P.2d 304, [where] the royalty owners sued the unit managing committee after an area had been coercively unitized pursuant to section 286.1 (now 287.1) of title 52 of the 1949 Oklahoma Statutes," but did not explicitly mention its application to section 87.1 of title 52 of the Oklahoma statute. *Id.* at 1161.

More recently, the Oklahoma Court of Civil Appeals has observed:

> After unitization, the leases no longer control. *Howell*, 112 P.3d at 1161. Instead, the parties' relationships are defined by statute and by Commission order. "The unit organization with its operator stands in a position similar to that of a trustee for all who are interested in the oil production either as lessees or royalty owners." *Young v. West Edmond Hunton Lime Unit*, 1954 OK 195, 275 P.2d 304, 309. The fiduciary duty of the unit operator arises not only from the creation of field-wide units for secondary recovery under 52 O.S. 2001 §§287.1-287.15, but also from the creation of drilling and spacing units under 52 O.S.Supp. 2007 §87.1. *E.g.*, *Leck*, 800 P.2d at 229. The critical factor is the resort to the police powers of the state on the part of a lessee in unitization proceedings which modify and amend existing legal rights. *Olansen v. Texaco Inc.*, 1978 OK 139, 587 P.2d 976, 985.

*Hebble v. Shell W. E & P, Inc.*, No. 106,470, slip op. at 8 (Okla. Civ. App. Dec. 18, 2009).

4

Applying these principles to this case, the Court finds that plaintiff may assert her claim for existence and breach of fiduciary duty based upon either sections 87.1 or 287.1 unitization proceedings. Accordingly, the motion to dismiss plaintiff's fiduciary duty claim is denied with regard to any wells subject to a unitization order issued by the Oklahoma Corporation Commission.

B.   Civil Embezzlement

Defendant next contends plaintiff's claim for civil embezzlement fails to conform to *Twombly* and *Iqbal* pleading requirements, and furthermore, Oklahoma does not recognize a cause of action for civil embezzlement. Plaintiff contends that courts have recognized such a cause of action but cites to state courts in California and Florida who have recognized this cause of action. In as much as the state has not expressly or specifically recognized such a claim under Oklahoma law, this Court will not create one. Accordingly, defendant's motion to dismiss is granted in this regard, and the Court need not consider the sufficiency of plaintiff's allegations under the pleading requirements.

C.   Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing

Next, defendant contends that plaintiff's claim for breach of the implied covenant of good faith and fair dealing does not comply with *Twombly* and *Iqbal* pleading requirements, and further that such a claim is not cognizable under Oklahoma law in the context of an oil and gas lease, unitization agreement or communitization agreement. When faced with the same issue as related to the identical cause of action, Judge Russell of this bench held, in pertinent part, the following:[4]

> Plaintiff argues for extension of this doctrine from the field of
> insurance law to the field of oil and gas law by citing to the "special

---

[4]The Court would note that plaintiff's counsel herein, Conner L. Helms, also represented plaintiffs in the *McKnight* matter.

5

relationship" of a royalty owner and an operator. Certainly courts have noted a special relationship between the parties. No court, however, has extended the claim for breach of the duty of good faith and fair dealing to this context. Generally such claims have been limited to the world of insurance, specifically insureds seeking to hold insurers responsible for failing to pay in a timely manner or for the manner in which the insured has been treated.

> Under Oklahoma law, "[e]very contract ... contains an implied duty of good faith and fair dealing." *Wathor v. Mutual Assurance Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla. 2004). In cases involving "ordinary commercial contracts, a breach of that duty merely results in damages for breach of contract, not independent tort liability." *Id.* In the "proper case," however, "punitive ... damages may be sought." *Conover v. Aetna U.S. Health Care, Inc.*, 320 F.3d 1076, 1079 (10th Cir. 2003) (emphasis added). The "proper case" requires that a "special relationship" exist between the parties. *See Wathor*, 87 P.3d at 561-62. Oklahoma courts have found such a "special relationship" in only very limited circumstances, most notably between an insurer and insured. *Id.* at 561; *see also*, *Allison v. UNUM Life Ins. Co.*, 381 F.3d 1015, 1027 (10th Cir. 2004) ("there is no dispute that the Oklahoma [badfaith] law is directed toward the insurance industry"). The "special relationship" in insurance contracts stems from the "quasi-public nature of insurance, the unequal bargaining power between the insurer and insured, and the potential for an insurer to unscrupulously exert that power at a time when the insured is particularly vulnerable." *Wathor*, 87 P.3d at 561-62; *see also Christian v. American Home Assurance Co.*, 577 P.2d 899, 902 (Okla. 1977) (noting the special relationship in insurance contracts exists because the insured is not entering the contract to obtain commercial advantage but to protect from risk of accidental losses).

*Combs v. Shelter Mutual Ins. Co.*, 551 F.3d 991, 998-99 (10th Cir. 2008). Although the relationship between royalty owners and operators has been described in cases as "special," the Court concludes that the nature of the relationship is not akin to that of an insured and insurer. The genesis of the relationship between royalty

6

owners and operators is not the same as the relationship between an insurer and its insured. The special considerations at issue in insurance cases simply are not present in this case.

The Court has reviewed *Beshara*, and the court's language therein that "[w]hen the factual situation warrants an action for breach of contract may also give rise to a tort action for a breach of the implied covenant of good faith and fair dealing." *Beshara*, 928 P.2d at 291. The facts of that case, however, are easily distinguishable from the allegations in this case. Furthermore, although courts have recognized a special relationship in the context of royalty owners and operators, the Court does not conclude based on its review of Oklahoma jurisprudence that the existence of such a relationship is sufficient by itself to give rise to a claim for tortious breach of contract or breach of the duty of good faith in every situation where royalty owners perceive underpayment by operators.

*McKnight v. Linn Operating, Inc.*, No. 10-30-R, docket no. 33, at 9-10.

Having reviewed Judge Russell's Order, the Court finds this Order persuasive, and as a result, adopts his findings as its own. Applying these principles to this case, the Court finds that plaintiff has not stated a claim upon which relief can be granted for substantially the same reasons as set forth above.[5] Accordingly, the Court grants defendant's motion to dismiss in this regard, and the Court need not consider the sufficiency of plaintiff's allegations under the pleading requirements.     D.     Injunctive Relief

Next, defendant contends that plaintiff's request for an injunction does not comply with *Twombly* and *Iqbal* pleading requirements. In pertinent part, plaintiff seeks "a permanent injunction to enjoin Anadarko's production operations from Plaintiff's and Class Member's mineral interests,

---

[5] To the extent plaintiff relies upon the Oklahoma Supreme Court's recent decision in *Weber v. Mobil Oil Corp.*, No. 106241, 2010 WL 1445175 (Okla. Apr. 13, 2010) for the contention that a claim for breach of a duty of good faith and fair dealing exists under Oklahoma law in the context of a royalty underpayment case, the Court finds that the *Weber* Court's narrow holding did not address this issue.

7

until Anadarko can demonstrate that it has satisfied and will continue to comply with its duties of or related to the reporting, accounting and distribution of Plaintiff's and Class Members' royalty interest payments." Amended Petition, at 12. Plaintiff's response fails to address the arguments presented in the motion to dismiss directed to that request.

Having reviewed the parties' submissions, the Court finds that plaintiff has implicitly conceded that her request for an injunction fails to state a claim on which relief may be granted. Not only has plaintiff failed to set forth a factual basis for such an extraordinary request, which if granted, would stop production from the wells and the payment of royalties, but plaintiff also fails to address the required elements for injunctive relief. Accordingly, the Court grants the motion to dismiss as to injunctive relief.

### E. Punitive Damages

Finally, defendant contends that plaintiff is not entitled to recover punitive damages under Oklahoma law. Defendant premises this argument on its theory that all of the tort claims pressed by plaintiff should be dismissed. The Court has dismissed all of plaintiff's tort claims, except with regard to wells subject to unitization orders, whose owners may be permitted to seek damages for breach of fiduciary duty. As such, the motion to dismiss is granted with regard to the prayer for punitive damages, except with regard to those wells subject to unitization orders whose owners may proceed on a theory of breach of fiduciary duty.

IV. CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss as follows:

1. The Court GRANTS defendant's motion to dismiss as to plaintiff's civil embezzlement, tortious breach of implied covenant of good faith and fair dealing, injunctive relief and punitive damages except with regard to those wells subject to unitization orders; and

2. The Court DENIES defendant's motion to dismiss as to plaintiff's breach of fiduciary duty claim.

**IT IS SO ORDERED this 6th day of July, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE