**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHERRY MORRISON, as Trustee, on behalf of the Haar Family Trust and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-10-135-M |
| ANADARKO PETROLEUM CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## <u>ORDER</u>

Before the Court is defendant's Motion for Reconsideration of the Portion of This Court's Order Granting an Extension of the Deadline for Completion of Document Discovery, filed May 17, 2011. On May 27, 2011, plaintiff filed her response, and on June 1, 2011, defendant filed its reply.

On May 12, 2011, plaintiff filed a Motion to Continue Deadlines, seeking a 60-day extension of all deadlines in this Court's Scheduling Order dated January 24, 2011. As stated in plaintiff's motion, defendant objected only to the extension of the document discovery deadline for the class certification stage of this case. The document discovery deadline had expired on April 3, 2011, pursuant to the Court's January 24, 2011 Scheduling Order. On May 13, 2011, prior to any response being filed by defendant, the Court entered an Order granting the Motion to Continue Deadlines and extending all of the deadlines in the January 24, 2011 Scheduling Order by 60 days, including the deadline for document discovery.

Because defendant did not have an opportunity to respond to plaintiff's Motion to Continue Deadlines, defendant now moves this Court to reconsider that portion of its May 13, 2011 Order that extended the deadline for document discovery on class certification, and upon such reconsideration

deny plaintiff's request to extend the deadline for document discovery. Specifically, defendant contends that in her motion to continue plaintiff did not show excusable neglect as required by Federal Rule of Civil Procedure 6(b)(1)(B) and, thus, there was no basis for altering the document discovery deadline after it had expired. In her response, plaintiff contends that defendant has not shown any basis for this Court to reconsider its May 13, 2011 Order. Additionally, plaintiff contends that her motion for extension of deadlines satisfies Rule 6(b)(1)(B).

Because this Court inadvertently granted plaintiff's motion to continue before defendant had time to respond to same, the Court finds that reconsideration of its May 13, 2011 Order is necessary to correct clear error and to prevent manifest injustice.

Federal Rule of Civil Procedure 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" has been defined as "inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (internal quotations and citations omitted).

Having carefully reviewed plaintiff's motion to continue, the Court finds that plaintiff has not asserted, let alone shown, excusable neglect as required for any extension of the deadline for document discovery on class certification, which had expired more than five weeks before plaintiff filed her motion to continue. The only reasons plaintiff sets forth in her motion as bases for a continuance are that the parties participated in an early exchange of information to participate in mediation which was not successful, that since then, additional discovery has been requested by both parties; that subsequent to the parties exchanging discovery requests, disputes ensued by both

parties; that after conferring, both parties agreed to supplement their discovery; and that defendant's supplemental discovery continues to be inadequate and/or not responsive. No where in her motion, however, does plaintiff set forth any reason why she did not move to continue the deadline for document discovery prior to its expiration. Because plaintiff has not shown excusable neglect, the Court finds that the deadline for document discovery on class certification, which expired on April 3, 2011, should not be continued.

Accordingly, the Court GRANTS defendant's Motion for Reconsideration of the Portion of This Court's Order Granting an Extension of the Deadline for Completion of Document Discovery [docket no. 55] and VACATES that portion of its May 13, 2011 Order [docket no. 54] extending the deadline for document discovery on class certification.

**IT IS SO ORDERED this 21st day of June, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE