IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERRY MORRISON, as Trustee, on behalf of the Haar Family Trust, and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ANADARKO PETROLEUM, CORPORATION, a Delaware corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-10-135-M<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court are: plaintiff's Motion for Class Certification, filed October 3, 2011; defendant Anadarko Petroleum Corporation's ("Anadarko") response, filed November 1, 2011; plaintiff's reply, filed November 23, 2011; and Anadarko's surreply, filed November 30, 2011. On February 1, 2012, the Court held a class certification hearing. Based upon the parties' submissions and the testimony presented at the hearing, the Court makes its determination.

I. Introduction

    Plaintiff owns mineral interests in Texas County, Oklahoma. According to plaintiff, her mineral interests are subject to oil and gas leases and orders of the Oklahoma Corporation Commission. Plaintiff alleges that said leases and orders provide Anadarko the right to drill and produce hydrocarbons from leased, pooled, and unitized premises in exchange for plaintiff's right to retain a royalty interest in hydrocarbons produced from said premises. Plaintiff further alleges that her royalty interests entitle her to royalty interest payments equal to plaintiff's proportionate royalty share of the gross proceeds from the sale of all hydrocarbons produced from the wells located on her

lease, pooled, and unitized premises.

Purportedly, Anadarko charged or deducted production and/or post-production costs related to an already marketable product from plaintiff's royalty payments. Plaintiff alleges the post-production costs were unreasonable, did not enhance the value of the already marketable product, and did not otherwise increase the actual royalty revenues in proportion with the cost assessed against plaintiff.

According to plaintiff, there are over 1,400 royalty owners with interest in 114 wells. Plaintiff now moves this Court to certify her claims as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a class of royalty owners who meet the requirements under the following class definition:

> All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where [Anadarko] is or was the operator and/or working interest owner/lessee under oil and gas leases, or under governmentally created or sanctioned poolings of interests by the Oklahoma Corporation Commission, including forced pooling orders or orders approving unit agreements, from and after November 1, 2008. The Class Claims relate to the payment of hydrocarbons produced from the wells. Except that the Class Claims shall not include royalty owners' claims in those wells and during those periods where Anadarko was a non-operating working interest owner and did not through itself or a related entity market its production or pay the royalties.
>
> The person or entities excluded from the Class are agencies, departments or instrumentalities of the United States of America and the State of Oklahoma, and persons or entities that Plaintiff's counsel is or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

Plaintiff's Motion for Class Certification [docket no. 66] at p. 3.

II.Standard

Federal Rule of Civil Procedure 23 governs class certifications. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011). First, pursuant to Rule 23(a), the party seeking certification must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4); *Dukes*, 131 S. Ct. at 2548. In other words, the four threshold requirements applicable to all class actions are numerosity, commonality, typicality, and adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). "A party seeking class certification must show 'under a strict burden of proof' that all four requirements are clearly met." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006) (quoting *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988)).

"Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Dukes*, 131 S. Ct. at 2548. Thus, class certification requires the proposed class to satisfy the threshold requirements of Rule 23(a) and at least one of the categories set fort in Rule 23(b). *See id.*

III.Discussion

A.Issue Preclusion

Plaintiff asserts that issue preclusion is applicable in this case based upon a state court amended order to certify a class in *Simmons v. Anadarko*, No. CJ-2004-57. Plaintiff's Motion for Class Certification [docket no. 66], Ex. 1 (hereafter, "*Simmons*"). Anadarko contends that *Simmons* is inapplicable because it did not apply Rule 23 and because *Dukes* represents an intervening change

3

in the law.

Issue preclusion is inapplicable where there has been an intervening change in the law. *See Spradling v. City of Tusla*, 198 F.3d 1219, 1223 (10th Cir. 2000). Here, the Supreme Court's decision in *Dukes* is an intervening change in the law because *Dukes* has "arguably heightened the commonality requirement under Rule 23(a) . . . ." *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-2053-KHV, 2012 WL 205904, at *7 (D. Kan. Jan. 19, 2012). Because *Simmons* was decided prior to the Supreme Court's decision in *Dukes*, and therefore, did not apply the heightened standard of commonality as set forth in *Dukes*, the Court finds that issue preclusion is inapplicable in this case.

Therefore, the Court declines to apply issue preclusion in this case.

B.  Numerosity

"The burden is upon plaintiffs seeking to represent a class to establish that the class is so numerous as to make joinder impracticable." *Peterson v. Okla. City Hous. Auth.*, 545 F.2d 1270, 1273 (10th Cir. 1976). The Tenth Circuit has "specifically stated there is no set formula to determine if the class is so numerous that it should be so certified." *Trevizo*, 455 F.3d at 1162 (internal citation omitted).

Here, the Court finds that the putative class is so numerous as to make joinder impracticable. Specifically, plaintiff asserts that the class is so numerous that joinder of all class members is impracticable because plaintiff seeks to represent a class consisting of over 1,400 royalty owners with interests in 114 wells. In its response to plaintiff's motion, Anadarko did not contest plaintiff's argument that the putative class satisfies the numerosity requirement.

Therefore, the Court finds that plaintiff has satisfied the numerosity requirement set forth

4

under Rule 23(a)(1).

### C. Commonality

The crux of plaintiff's commonality argument is that Anadarko, through the use of identical formulas, underpaid royalty payments to plaintiff and the putative class. Anadarko contends that commonality does not exist because plaintiff has "at the well" royalty valuations, whereas members of the putative class have numerous oil and gas leases that provide for royalties to be based on "gross proceeds," "net proceeds," or "proceeds," without reference to the valuation point.

Commonality exists when all plaintiffs share at least one common issue of law or fact. *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999). "Mere allegations of systemic violations of the law, however, will not automatically satisfy Rule 23(a)'s commonality requirement; a discrete legal or factual question common to the class must exist." *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010) (citing *J.B.*, 186 F.3d at 1288).

Furthermore, the Supreme Court has clarified that the commonality requirement under Rule 23(a)(2) is "easy to misread [] since any competently crafted class complaint literally raises common questions." *Dukes*, 131 S. Ct. at 2551 (internal quotations and citation omitted). What matters for purposes of class certification "is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* (citation omitted) (emphasis in original). Thus, the common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

In the case at bar, the Court finds that plaintiff has not satisfied the commonality requirement due to the varying terms regarding royalty valuations in her and the putative class members' leases. While plaintiff asserts that Anadarko paid royalties to plaintiff and putative class members based on identical formulas, both parties' witnesses testified that the determination of whether a royalty underpayment occurred requires a comparison of the amount that the royalty owner actually received to the amount the royalty owner should have received. Because the market value "at the well" will likely be determined by a market study of wellheads sales in the vicinity and close to the time of the sales, *see Howell v. Texaco, Inc.*, 112 P.3d 1154, 1159-60 (Okla. 2004), whereas numerous members of the putative class have leases with no valuation point, the Court finds that the dissimilarities amongst the putative class members' oil and gas leases impedes the generation of common answers. In other words, the central issue of whether Anadarko underpaid royalties cannot be resolved "in one stroke" because the varying terms regarding royalty valuations amongst plaintiff's and the putative class members' leases will generate different answers based upon the particular lease.

Therefore, the Court finds that plaintiff does not satisfy the commonality requirement set forth under Rule 23(a)(2).

D.  Typicality[1]

Plaintiff asserts there is typicality because Anadarko treated the putative class members the same and their claims are based upon the same legal theories. Anadarko contends that plaintiff's claims are not typical because several of plaintiff's oil and gas leases provide for "at the well" gas valuations.

---

[1] The Court recognizes that the discussion in Part III.B and Part III.C are similar as "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157-58, n. 13 (1982).

"The typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). "Further, differing fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988).

Here, the Court finds that plaintiff's claims do not fairly encompass the putative class' claims. Based upon the Order granting partial summary judgment in *Naylor Farms v. Anadarko Co., et al.*, Case No. CIV-08-668-R [docket no. 209] (hereafter, "*Naylor*"), the claims of plaintiff and the putative class members are not based on the same legal theory. Specifically, plaintiff and other members with "at well" valuations in their leases will attempt to dissuade the Court from applying the legal theory set forth in *Naylor* because *Naylor* found that the language of "at well" valuations in that case altered the lessor's implied duty to market. Conversely, the putative class members who do not have "at well" valuations would have no interest in distinguishing *Naylor* from the case at bar.

Therefore, the Court finds that plaintiff does not satisfy the typicality requirement set forth under Rule 23(a)(3).

<u>E.</u>     <u>Adequate Representation</u>

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem*, 521 U.S. at 625-26 (internal citations and quotations omitted). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on

behalf of the class." *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1187-88 (10th Cir. 2002).

Additionally, courts have noted that the adequacy of representation requirement tends to merge with the typicality requirement. *See e.g., Amchem*, 521 U.S. at 626 n. 20; *In re Farmers Ins. Co., Inc., FCRA Litig.*, No. CIV-03-158-F, 2006 WL 1042450, at *4 (W.D. Okla. Apr. 13, 2006). To that end, "if the representative party's claims are not typical of the class, the representative party cannot adequately protect the interests of the absent class members." *In re Farmers Ins. Co., Inc., FCRA Litig.*, 2006 WL 1042450, at *4.

In light of the Court's finding in Part III.C, the Court further finds that plaintiff has not satisfied the adequacy of representation requirement. Specifically, the Court finds that plaintiff does not possess the same interest as the putative class members due to the differences in the language of the leases. As discussed in Part III.C, plaintiff's argument against *Naylor* would differ from that of the putative class due to plaintiff's "at well" valuation in her oil and gas leases.

Therefore, the Court finds that plaintiff does not satisfy the adequate representation requirement set forth under Rule 23(a)(4).

F.   Rule 23(b)(3)

As discussed in Part II, class certification requires the putative class to satisfy the four threshold requirements of Rule 23(a) as well as at least one of the categories set forth in Rule 23(b). *See* Fed. R. Civ. P. 23(a), (b); *see also Amchem*, 521 U.S. at 615. In light of the Court's finding that the putative class has not satisfied three of the four threshold requirements of Rule 23(a), the Court declines to address whether the putative class satisfies Rule 23(b)(3).

IV.     Conclusion

For the reasons set forth above, the Court DENIES plaintiff's Motion for Class Certification [docket no. 66].

**IT IS SO ORDERED this 8th day of March, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE